UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PJD ENTERTAINMENT OF WORCESTER, INC. D/B/A CENTERFOLDS II, and KAILEE M. HIGGINS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Capitol Specialty Insurance Corporation, by its attorneys, Zelle, McDonough & Cohen LLP as and for its complaint for declaratory judgment alleges:

1. That at all times hereinafter mentioned Capitol Specialty Insurance Corporation, (hereinafter "Capitol" or "plaintiff") is a foreign corporation licensed to do business in the Commonwealth of Massachusetts. Capitol's state of incorporation is Wisconsin with its principal place of business in Madison, Wisconsin.

2. Upon information and belief, defendant, PJD Entertainment of Worcester, Inc. d/b/a Centerfolds II, (hereinafter known as "policyholder") is a domestic corporation incorporated under the laws and regulations of the Commonwealth of Massachusetts.

3. Upon information and belief, the policyholder's principal place of business is Worcester, Massachusetts.

4. Upon information and belief, defendant, Kailee M. Higgins, is a resident of Worcester, Massachusetts.

**JURISDICTION AND VENUE**

5.  The plaintiff's principal place of business is located in Madison, Wisconsin.

6.  Defendant policyholder's principal place of business is located in Worcester, Massachusetts.

7.  Defendant Higgins' place of residence is Worcester, Massachusetts.

8.  Therefore, federal jurisdiction exists by virtue of the diversity of citizenship between parties pursuant to 28 U.S.C. §1332.

9.  Additionally, federal jurisdiction exists pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Venue is proper in the District Court for the District of Massachusetts pursuant to 28 U.S.C. 1391(b)(1) and 28 U.S.C. 1391(b)(2) as the defendants are residents of Worcester, Massachusetts and/or a substantial part of the events or omissions giving rise to the claim occurred in Worcester, Massachusetts.

**FACTUAL BACKGROUND**

11. This declaratory judgment action arises out of an underlying personal injury action instituted by defendant Higgins in the Superior Court of the County of Worcester bearing Civil Action No. 13-0290 (hereinafter referred to as "underlying action"). A copy of the Complaint and Claim for Jury Trial filed by defendant Higgins is attached hereto as **Exhibit A**.

12. The underlying Complaint alleges that defendant Higgins was a dancer at the policyholder's place of business and that the policyholder's management/staff served and encouraged excessive consumption of alcohol by defendant Higgins during the course of her shift on November 27, 2010 through the early morning of November 28, 2010.

13. The underlying Complaint goes on to allege that the policyholder's management and/or staff negligently allowed the defendant Higgins to leave the establishment and drive despite her apparent intoxicated state.

14. Upon leaving and attempting to drive home defendant Higgins was involved in an auto accident resulting in serious personal injuries.

15. At the time of the incident the policyholder was insured under an insurance policy issued by plaintiff and bearing number PR02017535. A copy of this policy is attached hereto as **Exhibit B.**

16. A portion of the policy is entitled "Liquor Liability Coverage Part." This portion of the policy extends $300,000.00 in coverage to the policyholder for "sums that the [policyholder] becomes legally obligated to pay as damages because of 'injury' to which this insurance applies if liability for such 'injury' is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage."

17. In response to the underlying tort action Capitol has provided, and continues to provide, coverage to the policyholder, including defense and indemnity, under this portion of the policy.

18. A separate and distinct portion of the policy is entitled "Commercial General Liability Coverage Part." This portion of the policy extends coverage in the amount of $1 million to the policyholder for "sums that the [policyholder] becomes legally obligated to pay as damages because of 'bodily injury' . . . caused by an 'occurrence.'"

19. In the course of the underlying action defendant Higgins has demanded that plaintiff remit $1.3 million in settlement on behalf of the policyholder.

20. In response to this demand Capitol disclaimed coverage under the Commercial General Liability Coverage Part of the policy pursuant to the Liquor Liability Exclusion. A copy of Capitol's partial disclaimer letter is attached hereto as **Exhibit C.**

21. By way of the same correspondence, Capitol further advised that in the event coverage under the Liquor Liability Coverage Part and Commercial General Liability Coverage Part was indeed triggered, the maximum amount recoverable under the entire policy would be the $1 million available under the Commercial General Liability Coverage Part, pursuant to the Non-Pyramiding of Limits provision.

## NATURE OF ACTION

22. This is a declaratory judgment action pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201.

23. In this action Capitol seeks a declaration of rights and obligations under the policy issued to the policyholder.

## AS AND FOR A FIRST CAUSE OF ACTION

24. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 23 of this Complaint with the same force and effect as if fully set forth herein.

25. The Commercial General Liability Coverage Part excludes coverage for "bodily injury" by reason of the policyholder causing or contributing to the intoxication of any person and/or the furnishing of alcoholic beverages to a person under the legal drinking age. The relevant portion of the policy excludes coverage as follows:

> **Liquor Liability**
>
> "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
>
> **(1)** Causing or contributing to the intoxication of any person;

> **(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
>
> **(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
>
> This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

26. Based upon the allegations contained in the underlying Complaint defendant Higgins is seeking damages for bodily injuries by reason of the policyholder's provision of alcohol to her while she was under the legal drinking age and/or by reason of the policyholder causing or contributing to her intoxication.

27. Therefore, any and all damages arising out of the underlying action are excluded from coverage under the Commercial General Liability Coverage Part of the policy pursuant to the Liquor Liability Exclusion.

28. For these reasons, plaintiff requests a declaration that it has no obligation to defend or indemnify the policyholder in response to the underlying action under the Commercial General Liability Coverage Part of the policy.

## AS AND FOR A SECOND CAUSE OF ACTION

29. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 28 of this complaint with the same force and effect as if fully set forth herein.

30. The Capitol policy extends $300,000.00 in coverage under the portion of the policy entitled "Liquor Liability Coverage Part."

31. The Capitol policy extends $1 million in coverage under the portion of the policy entitled "Commercial General Liability Coverage Part."

32. The policy includes an anti-stacking provision which states, in relevant part:

## NON-PYRAMIDING OF LIMITS

This form changes the policy terms as follows:

Whenever an <u>occurrence</u> involves more than one coverage part or policy issued by us, only one limit of insurance will apply. The limit of insurance under all the coverage forms or policies shall not exceed the highest applicable limit of insurance under any one coverage part or policy.

33. In the event the underlying action triggers coverage under more than one portion of the policy, the policyholder cannot stack the limits available under the applicable portions of the policy.

34. For these reasons, it is requested that this Court declare that the maximum limits of coverage available to the policyholder in response to the underlying action are the single highest policy limits available amongst the applicable portions of the policy.

WHEREFORE the plaintiff, Capitol Specialty Insurance Company demands the following relief:

a. An order declaring that plaintiff, Capitol Specialty Insurance Company is not obligated to defend or indemnify the policyholder under the Commercial General Liability Coverage Part of the policy in response to the underlying action.

b. An order declaring that the anti-stacking endorsement included in the policy limits the coverage available to the single highest limits available under the applicable portions of the policy.

c. An order declaring that the highest single limits available under the policy is $300,000 pursuant to the Liquor Liability Coverage Part.

d. Such other and further relief that this Court deems just and proper.

Respectfully submitted,

Plaintiff,

CAPITOL SPECIALTY INSURANCE CORPORATION,

By its attorneys,

/s/ Suzanne M. Whitehead
Anthony R. Zelle (BBO #548141)
Suzanne M. Whitehead (BBO #675399)
Zelle, McDonough & Cohen LLP
101 Federal Street
14th Floor
Boston, MA 02110
(617) 742-6520
tzelle@zelmcd.com
swhitehead@zelmcd.com

Dated:  June 23, 2014